THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ÁNGEL MATOS RODRÍGUEZ, k/a MAELO, Defendant and Appellant.

No. CR-64-277.        Decided January 20, 1965.

*Ángel Matos Rodríguez, pro se,* and *F. Gallardo Díaz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F.*

*Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On May 9, 1963, Ángel Matos Rodríguez, appellant herein, was convicted of a violation of § 4 of Act No. 220 of May 15, 1948, 34 L.P.R.A. § 1250, consisting in that on December 9, 1962, at the place known as "Los Viejitos" in the ward of Hato Tejas, of Bayamón, he had in his possession two notebooks containing printed three-digit numbers which is material used in the illegal *bolipul* game. The prosecution evidence consisted in the sole testimony of undercover agent Daniel Soler Valle. The two notebooks were also admitted in evidence. He appealed in his own right.

On January 29, 1964, when the Rules of Criminal Procedure of 1963 were already in force, and while the petition for appeal from the judgment had not yet been perfected, Matos appeared, represented by Mr. F. Gallardo Díaz, and filed a motion entitled "new trial," praying that, "in consonance with Rule 192 of the Rules of Criminal Procedure . . . and after studying the new evidence and the law, the judgment rendered be set aside . . . on the ground that it was based on the false testimony offered to the court by Daniel Soler." He refers to the testimony given by the undercover agent at the hearing held on January 20 in a criminal cause against Mónico Cortés Rodríguez for a violation of the Bolita Act, which is allegedly in conflict with the testimony offered in the prosecution against appellant.

On April 15 the trial court entered an order denying the motion for a new trial on the ground that it lacked jurisdiction, since appeal had been taken from the judgment challenged. Reconsideration was sought—the motion for a new trial was labelled motion to set aside the judgment ren-

dered on the ground that it was on a false testimony—and the same having been denied, appeal was taken from both orders. We shall consider both appeals.

The transcript of evidence was approved on June 1, 1964. The record on appeal was received on July 2 in the office of the secretary of this Court.

1. In the brief requesting reversal of the judgment appellant makes continued reference to the testimony given by agent Soler in the prosecution against Mónico Cortés, pointing out the irreconcilable contradictions which, in his opinion, exist between the latter and that which led to appellant's conviction. He also challenges the order denying a new trial, and argues accordingly that pursuant to Rule 192, in connection with Rule 189 of the Rules of Criminal Procedure, the existence of the notice of appeal from the judgment did not bar consideration of his motion for a new trial. In other words, that it did not deprive the trial court of jurisdiction to hear and decide the motion for a new trial.

■ In order to pass upon the petition for appeal against the judgment rendered on May 9, 1963, we must consider only the evidence which the trial court had under consideration. We cannot consider the transcript of the testimony offered in support of the motion for a new trial.[1] Having examined the undercover agent's testimony,[2] there is no

---

[1] In the order denying a new trial the trial judge said: "If a new trial is granted, it would be, however, on the basis of a mere possibility respecting the challenge made therein of the prosecution evidence. The testimony offered in this case may no longer be considered challenged solely because of the contradictions therein, particularly since it seems that the witness did not have an opportunity to offer explanations. There are no indicia that he was confronted with the challenge and that he was given the corresponding opportunity to reconcile or explain, if it was deemed possible."

[2] He testified that around 4 p.m. of the day stated in the information he saw the defendant, whom he identified as Maelo, in a bar in the ward of Los Viejitos, and that he asked the latter "if he was going to note down mine," to which he aswered in the affirmative; that he asked defendant to

question that it is sufficient to sustain the conviction. *People v. Seda*, 82 P.R.R. 695 (1961), *aff'd*, 299 F.2d 576 (1962), *cert. den.*

2. Rule 188 of the Rules of Criminal Procedure enumerates the grounds for granting a new trial.[3] Another ground

---

note down No. 240 with 50 cents, which Matos did on a list of white paper where other three-digit numbers were written, followed by a dash and other amounts to the right; that after this transaction was made the defendant invited him to bet on two *bolipul* notebooks consisting of 10 sheets each "which were going to be void"; that he purchased them and paid $4.50; that one of the notebooks was pink and the other white, and that they started with the numbers 060 and 064, respectively. He informed the numbers which the notebooks contained, and asserted that he remembered them because "the *bolipul* notebooks, in *bolipul* each number that passes keeps adding three to the last one"; that in addition to the numbers, the letters "CD" appeared on the notebook sheets (apparently the stenographer made a mistake, since an examination of the notebooks shows that the letters are "SD"); that he identified the notebooks with his initials, and wrote on the first and last sheets the place and hour of the purchase (in fact, the notebooks contained the following annotation: "Evidence purchased from Maelo on 12-9-62 about 4 p.m. D.S.V." In another annotation he refers to "John Doe Maelo," and in one of them that the purchase took place "in the ward of Hato Tejas, Bayamón"); that he initialled all the sheets of the notebooks "after I left the ward, shortly afterwards, in Las Palmas cafeteria." On cross-examination he said that only the owner of the business and other persons—two or three—were in the establishment playing pool and drinking beer, and that Matos was not carrying anything in his hands when he arrived.

[3] "The court may grant a new trial for any of the following grounds:

"(a) When new evidence is discovered, which, if presented at the trial, would probably have changed the verdict or the finding of the court and which the defendant could not, with reasonable diligence, have discovered and produced at the trial. When a motion for new trial is made upon this ground, the defendant shall present the new evidence together with his motion in affidavits of the witnesses by whom such evidence is expected to be given.

"(b) When the verdict has been decided by lot, or by means other than a fair expression of opinion on the part of all jurors.

"(c) When the verdict is contrary to law or evidence.

"(d) When any of the following circumstances intervened and as a consequence·thereof the substantial rights of the defendant were impaired:

"(1) When the defendant was not present at any stage of the trial, except as provided in Rule 243.

"(2) When the jury has received any evidence out of the court

620

was added to Rule 192 in the following language: "The court may in like manner and at the request of the defendant grant a new trial if after the sentence is pronounced new facts or new evidence are found of a nature tending to establish defendant's innocence."[4]

■■ As a general rule the motion for a new trial must be filed before judgment is rendered, Rule 189, except in the following cases: (1) when it is based on the impossibility to obtain a transcript of the stenographic notes of the proceedings by reason of the death or incapacity of the stenographer, or the loss or destruction of his notes, and to prepare in lieu of such transcript an exposition of the case in narrative form; and (2) when it is based on the provisions of Rule 192 copied hereinabove. In the first situation, the motion must be filed within 30 days after learning of

other than that resulting from a view of the premises.

"(3) When the members of the jury have separated without leave of the court, after retiring to deliberate upon their verdict, or when any member thereof has been guilty of any misconduct by which a fair and due consideration of the case has been prevented.

"(4) When the prosecuting attorney has been guilty of any misconduct.

"(5) When the court has erred in the decision of any question of law arising in the course of the trial, or when the court has erroneously instructed the jury in a matter of law, or has erroneously denied an instruction to the jury requested by the defendant.

"(e) When it is impossible to obtain a transcript of the stenographic notes of the proceeding because of the death or incapacity of the court stenographer or because of the loss or destruction of said notes, or to prepare a statement of the case in a narrative form as provided by Rules 208 and 209 to substitute for said transcript.

"(f) The court may also grant a new trial when, due to any other cause for which the defendant is not responsible, he has not had a fair and impartial trial."

[4] In referring to this Rule the commentators say that this provision was taken from § 954(4) of the Spanish Law of Criminal Procedure, and that it is a recognition of the principle consecrated in the writs of *coram nobis* and *coram vobis*. 2 *Práctica Forense Puertorriqueña* 200–01 (Equity Publishing Co., 1964).

the death or incapacity of the stenographer or of the loss or destruction of his notes; in the second, within 30 days following the day on which knowledge was had of the new facts or of the new elements of proof.[5]

■ ■ According to Rule 197(a), an appeal to the Supreme Court from a judgment of conviction shall stay its execution. Nothing is expressly provided as to the effects of the existence of a notice of appeal as respects the continuation of the proceedings in the trial court. We must resort to § 14(a) of the Judiciary Act, 4 L.P.R.A. § 37 (Supp. 1963, p. 254), which provides that final judgments rendered in criminal cases originated in the Superior Court shall be appealable to the Supreme Court, and in the same breath it provides that "The filing of notice of appeal shall stay all proceedings in the Superior Court with respect to the judgment or part thereof on appeal, or the questions comprised therein, but the Superior Court may proceed with *the suit* as to any question involved therein not comprised in the appeal. . . ." This text corresponds to § 297 of the Code of Civil Procedure, 32 L.P.R.A. § 1284, which was not expressly repealed by Rule 72 of the Rules of Civil Procedure of 1958. In the light of this provision we have held that a trial court had jurisdiction to hear a motion for a new trial after appeal has been taken from the judgment, *Martínez* v. *Independence Indemnity Co.*, 36 P.R.R. 775 (1927); *Aguayo et al.* v. *García*, 11 P.R.R. 263, 274 (1906); *Horton et al.* v. *Robert*, 11 P.R.R. 168, 186 (1906); *Altuna* v. *Ortiz et al.*, 11 P.R.R. 24, 29 (1906), but not to entertain a motion to set aside the judgment, *Molina* v. *Rodríguez*, 63 P.R.R. 458 (1944), adducing that the proceedings on a motion for

---

[5] It should be observed that in both instances the term for filing the motion for a new trial is greater than that of 20 days for perfecting the appeal, Rule 194.

a new trial are not a direct attack on the judgment but rather independent and incidental thereto.[6]

■ In the case of a motion for a new trial based on Rule 192 requiring that it be filed within 30 days after having knowledge of the new facts or of the new elements of proof, would this same doctrine be applicable? If not, is it necessary to desist from the appeal in order that the trial court may *forthwith* entertain the motion?[7] Furthermore, we need not attempt to pass upon these questions and to pass definitively on the propriety of the order denying a new trial, since we are barred by a previous jurisdictional question. As already stated, Matos appealed from the order denying a new trial. Contrary to the situation prevailing until the adoption of the Rules of Criminal Procedure,[8] this order is not appealable since a final judgment in a criminal case is not involved, § 14(a) of the Judiciary Act, *supra*, in connection with Rule 193, and it may only be reviewed by way of certiorari, § 14(e) of the Judiciary Act.[9]

In view of the foregoing, the judgment rendered by the Superior Court on May 9, 1963, will be affirmed, and the

---

[6] The cases cited by the trial court—*Rivera* v. *Martínez*, 27 P.R.R. 439 (1919), and *Ríos, etc.* v. *Chabriel*, 54 P.R.R. 596 (1939)—are clearly inapplicable, since they involved motions for execution of judgment rather than motions for a new trial.

[7] Since the motion in question partakes of the nature of a motion to set aside the judgment, perhaps a provision similar to that contained in the last paragraph of Rule 49.2 of the Rules of Civil Procedure of 1958 would be advisable: "During the pendency of an appeal from a judgment the court below may not grant a relief under Rule 49.2 except with leave of the appellate court . . . . [T]he motion for relief shall always be made in the court below, within the aforesaid period, and if the court below signifies its willingness to grant the relief, application for such leave shall then be made to the appellate court."

[8] Section 347 of the Code of Criminal Procedure, 34 L.P.R.A. § 1074, provided that an appeal may be taken by the defendant from an order denying a motion for a new trial.

[9] "Any decision of the Superior Court may be reviewed by the Supreme Court by way of certiorari to be issued at its discretion, *and not otherwise*." (Italics ours.)

appeal taken from the orders in the new trial incident will be dismissed; but the motion under Rule 192 having been timely filed, and the jurisdictional bar adduced by the trial court to refuse to take cognizance of the merits having disappeared by the affirmance, the trial court should set a date to hear the parties on the contentions made in the said motion.